# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# SOUTHEASTERN DIVISION

| | |
|---|---|
| RICHARDSON COPELAND, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:22-CV-31-RLW |
| | ) |
| CARL HEFNER and ANDY HOLDER, | ) |
| | ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motion of plaintiff Richardson Copeland, an inmate at the Farmington Correctional Center ("FCC"), for leave to commence this civil action without prepaying fees or costs. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $18.21. Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Court each time the amount in the account exceeds $10.00, until the filing fee is fully paid.  *Id.*

In support of the instant motion, plaintiff submitted an inmate account statement showing an average monthly deposit of $91.08 and an average monthly balance of $13.59. The Court will therefore assess an initial partial filing fee of $18.21, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S at 556). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare

recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

### The Complaint

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against Carl Hefner and Andy Holder in their individual capacities.  Plaintiff identifies Hefner as the Sheriff of Stoddard County, and "the Lead Defendant and 'Respondeat Superior.'" (ECF No. 1 at 1).  Plaintiff identifies Holder as a Deputy Sheriff, and Hefner's subordinate.

The events giving rise to plaintiff's claims occurred while he was being held in pretrial detention at an unspecified facility. Plaintiff repeatedly asserts an intent to bring claims on his own behalf, and on behalf of three of his fellow detainees.  He alleges as follows:

In January 2021, "defendants were very harassing to plaintiff and other detainees." *Id.* at 3.  When plaintiff complained, Holder and unidentified persons handcuffed him and took him and three other detainees to a single-man cell. Plaintiff and the other detainees remained in the cell for

three days. They lacked sufficient clothing and bedding, the cell was dark and cold, they could not shower, and they had no hygienic supplies. Each day, the men received only two pieces of bread and a thin slice of salami, and limited water. Plaintiff writes: "Defendants HEFNER and HOLDER and subordinates forced Plaintiff and the other "3" (three) detainees to deficate [sic] their Human Waste . . . in a 'Plastic Bag': Then forced us to pass" the waste through the food slot. *Id.* at 4 (emphases in original).  At an unspecified time under unspecified circumstances, Hefner said: "**I have sent a lot of you to the Hospital. I will send you to[o**]!" *Id.* (emphasis in original).  Plaintiff appears to seek monetary, declaratory, and injunctive relief on behalf of himself and the three detainees.

## Discussion

Plaintiff specifies an intent to proceed against Hefner on a theory of *respondeat superior,* and his allegations are focused upon Hefner's general authority over the facility and/or those employed there.  However, claims sounding in *respondeat superior* are not cognizable under § 1983.  *Boyd v. Knox*, 47 F.3d 966, 968 (8th Cir. 1995).  Plaintiff does allege that Hefner threatened to send him to the hospital.  However, verbal threats, standing alone, are generally not actionable under § 1983.  *See  Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir. 1992) ("Generally, mere verbal threats made by a state-actor do not constitute a § 1983 claim"); *McDowell v. Jones*, 990 F.2d 433, 434 (8th Cir. 1993) ("Verbal threats and name calling usually are not actionable under § 1983").

Similarly, it is unclear what plaintiff intends to claim Holder did or failed to do to violate his rights. In setting forth his claims against Holder, plaintiff most often refers to him and others collectively, and then describes allegedly unconstitutional conditions of confinement. While plaintiff does allege that Holder handcuffed him and placed him in a one-man cell, plaintiff does

4

not explain why he believes Holder was responsible for the length of his stay or the allegedly unconstitutional conditions. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (to state a claim under § 1983, a plaintiff must allege facts explaining how the defendant was personally involved in or directly responsible for harming him). Finally, plaintiff indicates that he filed the complaint, at least in part, to seek relief on behalf of other individuals. However, plaintiff lacks standing to bring claims on behalf of others. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975). Further, while federal law authorizes plaintiff to plead and conduct his own case personally, 28 U.S.C. § 1654, he is not a licensed attorney and therefore may not represent other individuals in federal court. *See Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986). For these reasons, this action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B). In consideration of plaintiff's self-represented status, however, the Court will give him the opportunity to file an amended complaint to clearly set forth his claims.

The amended complaint will replace the original complaint completely. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the person he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must also specify the capacity in which he intends to sue the defendant. In

5

the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, he may set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell,* 909 F.2d 1203. Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff has also filed a motion seeking the appointment of counsel. A *pro se* litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such

that[the] plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v. Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, the Court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, the Court is not convinced that plaintiff has stated a non-frivolous claim. Additionally, there is no indication that plaintiff is incapable of representing himself, and nothing in the instant motion or in the record before the Court indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel. Recognizing that circumstances may change, however, the Court will deny the motion without prejudice, and will entertain future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 2) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $18.21. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must file an amended complaint in accordance with the instructions herein.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 16th day of June, 2022.